Welcome to the Ninth Circuit. If this is your first time here, welcome. If you're a frequent filer, we're glad to have you. Ordinarily, Judge Graber, who's on that screen right there, would be with us in presiding, but she's in Portland and through the magic of video, she's right here with us. I'm Judge Hawkins. I assume you can hear me. We can hear you just fine and you look terrific. Thank you. And Judge Graber and I are delighted to have Judge Thacker from the Fourth Circuit sitting with us. Judge, thank you for helping us out this week. We really appreciate it. I appreciate the opportunity. Thank you for having me. We're going to take the cases in the order that they appear on the docket sheet. The first case, Supply Pro Sorbens v. Ring Central, 1716528, has been submitted. So we'll proceed to argument in 1716547, Michael Garedakis v. Brentwood Union School District. Mr. Bowley, good morning. May it please the Court, Todd Bowley, appearing for the plaintiffs. I'd like to reserve two minutes for rebuttal, if that may be all right. We'll keep an eye on the clock. Now, the clock counts down. When you see the yellow light, wrap up. See the red light, stop. Okay. Thank you. This case was filed by five families of special needs. The classroom that the school district conceded was an unhealthy environment for children. Experts who evaluated the children determined that all of the children had suffered psychological and academic harm as a result of their exposure to the classroom. The families filed an action asserting claims under the ADA and the Rehabilitation Act. Council, your time is limited, and if you don't mind, I want to point you to the issue that is most concerned to me. The five families are not all in the same position. Another panel held that one family clearly had a non-frivolous claim. But it's, am I correct that the Rose and Rezaki families never presented their tort claims to the district, and thus that they can permissibly be considered to have filed frivolous lawsuits? Your Honor, it is true that those two families did not file claims, and our original filing in state court reflected the fact that they did not have state error when we consolidated the state and federal claims. It's true that they did not have a basis to assert the state law claims, but as we've argued, we believe that that issue could have and should have been resolved without a motion for summary judgment. Before the filing of the motion for summary judgment, we answered discovery in which it made clear that no claims had been filed. So that was clear in the record. But more significantly, the court awarded fees for work that was performed in opposition to the ADA and Rehabilitation Act. Right. I'll be asking opposing counsel about that. That is more about amount than it is about entitlement, though. Is that right? Well, correct. I think that in addition to the Fox v. Vice and the Harris v. Maricopa County issue, I think it goes more than to amount, Your Honor. I think it does go to the defendant's burden to establish that the fees that they are seeking are over and above what they would have performed for federal claims. Right. But that is not a matter of, it seems to me, determining whether the claims, the state law claims are frivolous. Rather, it's determining whether in the face of a frivolous claim, they can get any money, which is a slightly different issue, I think. It is a slightly different issue, but I would concede that there was not a basis to pursue those claims. That's correct. Okay. Thank you. Go ahead. The district court did not properly determine whether or not the families who did file tort claims, because there are two families that did file tort claims, and the district court did not properly determine whether or not those families could reasonably believe that those claims were timely. And furthermore, the issue that I've just discussed with Judge Graber was not properly handled by the district court in that fees were awarded for work that was clearly, would have been performed anyway had there been no state law claims at all. Now, this result is contrary to Federal civil rights policy. The State statute, which the defendants will rely upon, does not require that result. If it did, it would be preempted by State law, as this Court has previously held in similar circumstances. Because the defendants made no attempt to establish that the fees they were seeking were fees that were over and above what would have been necessary to oppose the Federal law claims, the motion should be — should have been denied in its entirety, and this Court should reverse. If this Court determines that the matter should be remanded, then the court should direct the district court to make a proper determination as to the reasonableness issue as to the families who did file tort claims, and the court — this Court should direct the district court not to award fees unless the defendants can establish that the work would not have been performed but for the existence of the State law claim. I don't have any other — Mr. Thacker, do you have a question? I've covered everything. Well, you've got four minutes to respond to what your opponent is going to say right  Okay. Thank you very much, Your Honor. Thank you. Counsel? Thank you, Your Honors. Good morning. May it please the Court, Seth Gordon on behalf of the Brentwood Union School District and the other individual appellees. This case is going back in any event, isn't it? I'm sorry, Your Honor. This case is going back to district court in any event, isn't it? Not necessarily, Your Honor. And I would say that — Well, in between the determination in district court and the proceedings here, a panel of this Court said that at least MG's claims reversed the summary judgment grant. So that has to go back, doesn't it? Well, I would say it's the district's position that the fees as to MG's family have to be vacated. The district agrees with that. California law, the California Supreme Court has made clear that when you work on claims for parties such as MG where you didn't necessarily prevail or on issues that you didn't necessarily prevail, if that work was common to the work that you are entitled to fees, it doesn't have to affect the award. But as we sit here — That's where my question comes in, because it seems to me that the district court was just flat wrong when it said that the request for fees was based solely on work on the state law claims. And a huge amount of these fees are related to, it seems to me, work that related to both the federal claims and the state claims. And in some instances, there was no attempt to reduce those entries, and the district didn't take that into account at all. So why isn't the bulk of this a problem? Because it's related to the federal claims. Your Honor, I take your question as going to preemption. And I would say — Yes. Yes. And I would say the preemption doesn't apply. If you just conduct the analysis articulated by this court, preemption can be express or implied. Express preemption clearly doesn't apply in this case. There's two subcategories of implied preemption, one being conflict, one being obstacle. Conflict only applies where the two statutes are physically impossible for both of them to apply at the same time. Plaintiffs aren't — the appellants aren't making that argument in this case. They're arguing that Section 1038, CCP 1038, stands — Well, what if they did make that argument? How can you apply both statutes at the same time here? Your Honor, I'm sorry. There was a little bit of a stop right there. Section 1038 only allows claims for — state law claims that were brought without reasonable cause or without good faith. I guess shorthand, they — it applies to frivolous claims. The ADA also allows fees for frivolous claims. There's no statutory conflict between the ADA provision and the — and Section 1038. And I guess I would say — But the ADA — the ADA doesn't allow fee awards for non-frivolous claims. And you did get a mix, didn't you? Well, I would say, no, we didn't, Your Honor. And the reason why I say that is because we made clear to the district court, we were not seeking fees for the federal claims. I was the attorney that went through the billing records. There's more than 80 pages of billing records in the record. I struck through the work that was done on the federal claims. And then for the work — So you're the one that reduced — But the remaining work, counsel, you said for the most part, you could not distinguish between the work that was done for the state claim and the federal claim, correct, as to the bulk of the work. And so just without regard to preemption, why don't we have to send this back anyway, because the district court seems to have misunderstood factually what you were doing by saying that the work for which fees were being awarded was entirely related to the state law claim. And that's just not the case. And there are some instances in these billing records where there was no reduction in time for work on the summer judgment motion and the deposition time was awarded in full. So regardless of preemption, why aren't there factual problems with what the district court did? I would say, Your Honor, that the reason why there was no payment for the work on the federal claims, because there were eight state law claims and two federal law claims when the issue finally reached the court for — on the issue of fees. And we struck — where it wasn't clear, where the work was common to all claims, we struck half of the time on those. Well, you didn't in all cases. That's my point. I'm looking at pages 979 to 80, there's no reduction for time spent working on the summary judgment motion for March 8th, March 4th, 2016, and there are other examples in there where it isn't what the court seemed to think it was. And so I guess without thinking even about legal issues, it seems to me that there's some problematic aspects to what the district court did. Right. Well, and I will say, Your Honor, with — I don't have the billing records in front of me here, but some of the summary — the summary judgment work that would have been sought in full would have been related to MG and it would have been related solely to the state law claims because there was supplemental briefing, a lot of supplemental briefing filed after the initial summary judgment briefing, the fees on — as to MG would have to be eliminated. I think Judge Packer had a question. Or did her question cover? Judge Graber covered. Thank you very much. And Your Honors, I'd just like to say, because I'm running out of time here, that the California Supreme Court has spoken on this issue in Janky v. Lee. They say it much more eloquently than I'm doing here today, but the fact of the It is the burden on the party asserting preemption to show that the state law would obstruct the execution of — it would obstruct the purpose of the Federal law. And Janky explains that that just doesn't — that's just not the case here. The policy behind the ADA fee shift — the fee-shifting statute is the Christian — Christianburg standard, and under Christianburg, as Judge Graber noted, defendants are only entitled to fees if the claims are frivolous. In other words, for plaintiffs to demonstrate preemption, obstacle preemption, they have to show that the award of fees in this case would have a chilling effect on plaintiffs with viable ADA claims. They can't do that in this case. Quoting Janky v. Lee, quote, plaintiffs — Excuse me. I have a question for you about Janky. Yes, Your Honor. That's a state Supreme Court case, which does not bind us because Federal preemption is a question of Federal law. Why should we — with due respect to our colleagues on the California Supreme Court, why should we care how they analyze this question? Your Honor, I would say it's the most — it's the most recent, most persuasive and well-reasoned decision on this issue. Well, it's not a — it's not binding on us, though. I would agree with that. Yes, Your Honor. Your position is it's persuasive. Correct, Your Honor. Okay. Do you have anything else for us? Yes. Opposing counsel brought up the fact that this Court should send it back down to address reasonable cause. Reasonable cause is not on the table in this case. We pointed out in our answer brief that the district court made an express finding that these claims were not brought in good faith. It's outlined in our answer brief. The host of actions that were taken in this case that show that plaintiffs and their attorneys did not act in good faith, there was repeated misrepresentation after misrepresentation about when these plaintiffs knew what they knew. They asserted false allegations in two amended complaints that all plaintiffs had complied with a tort claim statute. That just wasn't true. And the district court had lived with this case for more than two years. It wasn't just a mistake. It was knowingly false. That's your position? It's our position. It was knowingly false, Your Honor. Okay. And with that, if there's no further questions, I'm about out of time. Judge Graber, anything more? No further questions. Thank you. Thank you, counsel. Thank you, Your Honor.   Your Honor, the look at this case, the plaintiffs did not act in good faith. Pretty strong stuff. Knowingly false? It wasn't knowingly false in that we were totally up front with defendants that the two families did not file tort claims. And we made a mistake, you know, and I'm not, you know, I'm embarrassed when I make a mistake and it has no consequence. It did in this case. It was a mistake, but we, on the facts, we were clear with the defendants that no claims had been filed. Now I want to go back to the Janky decision, which counsel says is the most recent authority on this issue. And that's just not correct. The Ninth Circuit in Kohler versus Presidio International, 7-8-2-F-3-10-64 at footnote four, specifically noted the Janky decision and specifically said that repudiated that decision on the issue of preemption. What's the date of that decision? 2015. Okay. The also on the issue of the billing records, counsel takes the position that if it's impossible to determine or separate out the work on the State versus the Federal law issues that you divide it in half. That's exactly wrong. If you can't determine, if you can't distinguish between the Federal and, I mean, between the work on the frivolous claims versus the non-frivolous claims, you're not entitled to fees at all. And that was the point of the Fox versus White. There's another question. The district court never made a finding specifically on whether, even if some fees could be awarded in that situation, that half made any sense. If there's a good claim and a frivolous claim, it's not entirely clear to me that at least without a factual finding, that half the time ought to be spent on something that is obviously frivolous rather than, you know, 5% of the time. Right. That's right. But am I right that there's no factual finding by the district court on whether the half made any sense? That's correct, Your Honor. Okay. I don't, unless there are other questions, I have nothing further to add. Any further questions, Judge Graber? No, thank you. Ms. Patrick? No, thank you, Your Honor. Thank you. Thank both counsel. The case just argued is submitted for discussion.
judges: Thacker, Hawkins, Graber